IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Deleon Haratio Holmes,<br><br>PETITIONER<br><br>v.<br><br>United States of America,<br><br>RESPONDENT | Crim. No. 4:04-cr-00811-TLW-1<br>C/A No. 4:15-cv-03130-TLW<br><br>**Order** |

This matter comes before the Court for consideration of the pro se petition to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Deleon Haratio Holmes. For the reasons stated below, the Court dismisses the petition.

## I.    Factual and Procedural History

Petitioner pled guilty to charges of drug conspiracy, attempted armed robbery, and use of a firearm during a violent crime. The Court sentenced him as a career offender to a total term of 348 months imprisonment.[1] He filed a direct appeal and the Fourth Circuit affirmed. *United States v. Holmes*, 288 F. App'x 123 (4th Cir. 2008).

Petitioner then filed this § 2255 petition, asserting that he is entitled to relief under the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

## II.    28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under

---

[1] He received 348 months on the drug conspiracy and firearm charges, and 240 months on the attempted armed robbery charge.

1

sentence of a federal court may file a petition in the court that imposed the sentence to vacate, set aside, or correct the sentence. A petitioner is entitled to relief under § 2255 if he proves by a preponderance of the evidence one of the following: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam). "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" *Leano v. United States*, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting *United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999)).

In deciding a § 2255 petition, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's filings, and finds that no hearing is necessary.

## III.   Standard of Review

Petitioner brings this petition pro se. Courts are required to construe liberally pleadings filed by pro se litigants to allow for the development of potentially meritorious claims. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). These pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, "[t]he 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are

squarely presented to a court may properly be addressed." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## IV.   Discussion

As noted above, Petitioner asserts that he is entitled to relief in light of *Johnson*—specifically, that he is no longer properly classified as a career offender and should be resentenced. He is incorrect.

As an initial matter, it is not clear that *Johnson* applies retroactively on collateral review. *Compare In re Gieswein*, ___ F.3d ___, 2015 WL 5534388, at *5 (10th Cir. 2015) (declining to grant permission to file a second or successive petition and concluding that the Supreme Court has not found that *Johnson* applies retroactively in the context of an ACCA sentence), *and In re Rivero*, 797 F.3d 986, 990–91 (11th Cir. 2015) (declining to grant permission to file a second or successive petition and concluding that *Johnson* does not apply retroactively in the context of a career offender sentenced under the then-mandatory sentencing guidelines), *with Price v. United States*, 795 F.3d 731, 732 (7th Cir. 2015) (granting permission to file a second or successive petition and concluding that *Johnson* applies retroactively in the context of an ACCA sentence). The Fourth Circuit has not yet weighed in on the retroactivity question, though it is currently pending before the court. *See In re Scott*, No. 15-0291 (4th Cir.); *In re Hubbard*, No. 15-0276 (4th Cir.). However, even if *Johnson* does apply retroactively, it would not apply to Petitioner's case for two reasons.

First, *Johnson* involved the constitutionality of the ACCA's residual clause, while Petitioner's two career offender predicate convictions were for cocaine distribution. *See* PSR ¶¶ 33–34, ECF No. 235. *Johnson* has no impact on the ACCA's use of a serious drug offense as a predicate conviction. *See Johnson*, 135 S. Ct. at 2563; *see also United States v. Jenkins*, 613 F. App'x 754 (10th Cir. 2015) (concluding that *Johnson* does not apply to an ACCA defendant with

predicate convictions for serious drug offenses).

Second, even if *Johnson* applied retroactively and applied to invalidate the use of Petitioner's drug offenses as predicate convictions, it would not apply here in the context of a career offender enhancement under the sentencing guidelines.  The Fourth Circuit has recently concluded that that an erroneous application of the sentencing guidelines, including a career offender designation, is not cognizable on collateral review pursuant to § 2255.  *See United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015); *see also United States v. Matchett*, ___ F.3d ___, 2015 WL 5515439, at *6–8 (11th Cir. 2015) (concluding that *Johnson* does not apply to sentencing guideline calculations because the guidelines do not prohibit conduct or fix punishments).  Accordingly, he is not entitled to habeas relief based on the alleged improper career offender designation.

## V.     Conclusion

For the reasons stated, Petitioner's petition for relief pursuant to § 2255, ECF No. 412, is **DENIED**.  This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings.  In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right."  The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this motion.  Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

October 15, 2015
Columbia, South Carolina

5