IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America<br><br>v.<br><br>Deleon Haratio Holmes | Criminal No. 4:04-cr-00811-TLW<br><br>**Order** |

This matter is before the Court on Defendant Deleon Holmes' *pro se* motion for compassionate release, ECF No. 479. For the reasons set forth below, Defendant's motion is denied.

## I. BACKGROUND

On February 27, 2006, Defendant plead guilty to conspiracy to distribute 5 kilograms or more of cocaine, attempted robbery affecting commerce, and use of a firearm during a drug trafficking crime and crime of violence. ECF Nos. 35, 130; Revised Presentence Investigation Report ("RPSR") at ¶ 5. He was sentenced to 348 months' imprisonment.[1] ECF No. 249.

On May 11, 2020, Defendant filed this *pro se* motion for compassionate release. ECF No. 479. The Court directed the Government to respond to the motion, ECF No. 496, and the Government responded in opposition, ECF No. 501. On October 1, 2020, Defendant replied to the Government's response. ECF No. 504. This matter is ripe for disposition.

---

[1] On March 7, 2017, the Court reduced Defendant's sentence to 230 months based on the Government's Rule 35(b) motion. ECF Nos. 436, 443, 446.

## II.  APPLICABLE LAW

### A. *Pro Se* Complaints

*Pro se* complaints and petitions should be construed liberally by the Court and are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Courts classify *pro se* pleadings from prisoners according to their contents, without regard to their captions. *United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003). A federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

### B. Compassionate Release

Absent certain exceptions, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Section 3582(c)(1)(A)(i) provides an exception to this general rule where a defendant qualifies for a modification due to "extraordinary and compelling reasons", often referred to as "compassionate release."

Prior to the passage of the First Step Act of 2018, Pub. L. No. 115- 391, 132 Stat. 5194 (2018), the Bureau of Prisons (BOP) had exclusive dominion over filing a motion for compassionate release pursuant to § 3582(c)(1)(A)(i). *United States v. Dowdell*, 669 F. App'x 662 (4th Cir. 2016). Section 603 of the First Step Act amended § 3582(c)(1)(A) to allow a defendant to request compassionate release from the

sentencing court after exhausting his administrative remedies. Therefore, a defendant may now file a motion directly to the district court requesting a reduction in the term of imprisonment, but only after the defendant has "exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A).

The compassionate release statute, as amended by the First Step Act, now provides in pertinent part:

> (c) Modification of an imposed term of imprisonment. —The Court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) **the court**, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, **may reduce the term of imprisonment** (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), **after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds tha**t—
>
>> **(i)   extraordinary and compelling reasons warrant such a reduction;**
>> . . .
>> **and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.**

18 U.S.C. § 3582(c)(1)(A) (emphasis added). This statutory provision requires a finding that "extraordinary and compelling reasons" warrant a sentence reduction. If

that finding is made, the applicable § 3553(a) factors must be considered. "A defendant who seeks compassionate release under § 3582(c)(1)(A)(i) has the burden of establishing that such relief is warranted." *United States v. Griggs*, No. 4:18-CR-00216-DCC, 2020 WL 2614867, at *3 (D.S.C. May 22, 2020).

The statute also states that a court is required to consider whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The United States Sentencing Guidelines do not contain a policy statement that specifically addresses motions for reductions that are filed by an inmate. However, U.S.S.G. § 1B1.13 addresses motions for reductions that are filed by the Director of the BOP. This policy statement "largely mirrors the language of 18 U.S.C. § 3582(c)(1)(A)…" *Griggs*, 2020 WL 2614867, at *3. Notably, this policy statement provides that the Court, before reducing a term of imprisonment, should determine that the "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Additionally, the commentary to § 1B1.13 provides four categories of what constitutes "extraordinary and compelling reasons" for a sentence reduction: (1) medical condition of the defendant; (2) age of the defendant; (3) family circumstances; and (4) a catch-all "other reasons." *Id.* at cmt. n.1(A)–(D). Under each category, the commentary provides further instruction as to what constitutes "extraordinary and compelling reasons."

While § 1B1.13 and its application notes only explicitly apply to motions filed by the Director of the BOP, the Court will consider them in connection with this

4

motion. *See United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019). "The Sentencing Commission has not amended or updated the old policy statement since the First Step Act was enacted, nor has it adopted a new policy statement applicable to motions filed by defendants." *Id.* (internal citation and footnote omitted). Therefore, "[w]hile the old policy statement provides helpful guidance, it does not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentencing reduction under § 3582(c)(1)(A)(i)." *Id.* "Thus, courts may, on motions by defendants, consider whether a sentence reduction is warranted for extraordinary and compelling reasons other than those specifically identified in the application notes to the old policy statement." *Id.* at 579–80. Ultimately, the determination of whether extraordinary and compelling reasons exist in a particular case is a question reserved to the sound discretion of the district court. *See id.*

### III. DISCUSSION

Defendant's motion seeks a sentence reduction due to asserted health conditions and the spread of COVID-19 at FCC Coleman-Medium where he is imprisoned. Defendant states that he has exhausted his administrative remedies, ECF No. 479 at 2, and provides a letter dated May 18, 2020, denying his request for compassionate release, ECF No. 495. Based on the documentation provided by Defendant, the Government states it "will assume that Holmes has satisfied the exhaustion requirement." ECF No. 501 at 8. Therefore, the Court finds that

Defendant has exhausted his administrative remedies, and the Court will decide the motion on the merits.

Defendant argues that his case presents "extraordinary and compelling circumstances" that warrant a reduction in sentence. ECF No. 479 at 2-6. Defendant asserts that his pre-existing conditions, obesity, hypertension, and type 2 diabetes expose him to a greater risk of COVID-19 complications. *Id.* at 2-3. More broadly, Defendant asserts that FCC Coleman is "not equipped to deal with an outbreak of the Covid 19 virus…" and the institution's lockdown procedures are insufficient to protect the inmate population. *Id.* at 3.

Defendant then argues that he is qualified for relief because he has served 74 percent of his sentence, has no violent crime, and has been a "model prisoner." *Id.* at 5-8. In Defendant's reply to the Government's response, he further argues that an analysis of the "3553(a) factors…show that Petitioner would not pose a danger to the safety of the community" because of his age and health conditions. ECF No. 504 at 1. He also states that he has served 14 and a half years in prison, which adequately protects the public, deters further crime, provides just punishment, and promotes respect for the law. *Id.*

In response, the Government acknowledges that Defendant has satisfied the exhaustion requirement and concedes, for purposes of its response, that he has demonstrated "extraordinary and compelling" circumstances under § 3582(c)(1)(A). ECF No. 501 at 8-9. However, the Government ultimately opposes the motion arguing

that it should be denied because Defendant poses a danger to the safety of the community, and the § 3553(a) factors weigh against release. *Id.* at 9.

As stated above, the Court finds that Defendant has satisfied the exhaustion requirement. Further, Defendant argues, and the Government concedes that Defendant's health conditions meet the "extraordinary and compelling reasons" standard. Assuming Defendant has satisfied that standard, the Court will move on to its analysis of the § 3553(a) factors and § 1B1.13(2).

After a review of Defendant's criminal history and the facts of the instant offense, the Court concludes that Defendant's motion should be denied based on an analysis and balancing of the § 3553(a) factors. Specifically, the Court notes §§ 3553(a)(1) and (a)(2)(C), "the nature and circumstances of the offense and the history and characteristics of the defendant" and the need "to protect the public from further crimes of the defendant." Defendant's federal conviction, criminal history, and continued criminal conduct while on state parole demonstrate that he is a serious, repeat offender. The Court notes that the offense conduct (conspiracy to distribute and possession with intent to distribute 5 kilograms or more of cocaine, attempted robbery and aiding and abetting, and use of firearm during a violent crime) involves serious, violent conduct. Defendant was a significant drug trafficker who was held accountable for over 68 kilograms of cocaine. RPSR at ¶ 26. He was also involved in impersonating law enforcement in order to rob a drug dealer in connection with the instant offense. *Id.* at ¶ 9-12. During that attempted robbery, the victim was shot in the face by Defendant's codefendant which resulted in life-threatening injuries. *Id.* at

¶¶ 7-14. For that conduct, Defendant was sentenced to 348 months' imprisonment. ECF No. 249. In addition, the Revised Presentence Report reflects that Defendant and his co-conspirators, upon arrest for the instant offense, "told the FBI that they committed similar offenses (kidnappings, shootings, and robberies of drug dealers) in Eastern North Carolina and Virginia…" RPSR at ¶ 15.

The Court notes that Defendant committed the instant offense while on state parole for distribution of cocaine. *Id.* at ¶ 36. Notably, Defendant's criminal history includes two convictions for distribution of cocaine, and one conviction for resisting arrest, all of which placed him in a criminal history category of IV. *Id.* at ¶ 37.

The Court also notes §§ 3553(a)(2)(A)-(B). According to BOP records, Defendant's release date is set for September 4, 2022, which is less than two years away. The Court acknowledges that Defendant has served a substantial portion of his sentence. However, based on Defendant's serious conduct and criminal activity while on state parole, the Court concludes that a reduction in sentence is not appropriate because the imposed sentence is necessary to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense and to afford adequate deterrence to criminal conduct. For those reasons, the Court concludes that the § 3553(a) factors weigh against a reduction in sentence.

Similarly, the Court's consideration of U.S.S.G. § 1B1.13(2), which requires a finding that "defendant is not a danger to the safety of any other person or to the community," yields the same conclusion. Defendant was a substantial drug trafficker who was involved in multiple acts of violence, and as stated above, has a criminal

8

history that includes previous drug dealing for which he was on state parole when he committed the instant offense. His disregard and disrespect for the law indicates that he would pose a danger to the safety of the community if granted early release.

The Court acknowledges the legitimate concerns based on the ongoing COVID-19 pandemic and the impact on those incarcerated. The Court also acknowledges the steps taken by the BOP to slow the spread of COVID-19 in federal institutions as outlined in the Government's brief. *See* ECF No. 501 at 2-4 (noting that, amongst other steps, inmates and staff have been issued face masks, volunteer visits have been suspended, only limited group gathering is afforded with special attention to social distancing to the extent possible, and the movement of inmates and detains among facilities has been limited).

Where a defendant has exhausted the administrative remedies and files a motion directly to the Court, the Court will analyze each defendant on a case-by-case basis to determine when a potential reduction is appropriate. In this case, based on the Court's analysis and balancing of the § 3553(a) factors, and the danger posed to community as provided in § 1B1.13(2), a reduction in sentence to release Defendant is not appropriate.

## IV.  CONCLUSION

After careful review of the filings and relevant caselaw, and for the reasons set forth above, Defendant's motion for compassionate release, ECF No. 479, is **DENIED.**

**IT IS SO ORDERED.**

 *s/Terry L. Wooten*
Senior United States District Judge

9

November 16, 2020
Columbia, South Carolina

10