IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Deleon Haratio Holmes, <br><br> PETITIONER <br><br> v. <br><br> United States of America, <br><br> RESPONDENT | Crim. No. 4:04-cr-00811-TLW-1 <br> C/A No. 4:21-cv-01130-TLW <br><br> **Order** |

This matter comes before the Court for consideration of Petitioner Deleon Haratio Holmes' habeas corpus petition to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. In light of the Government's position that his § 924(c) gun conviction should be vacated, and that it does not object to a time-served sentence on the other counts, as a result of recent United States Supreme Court and Fourth Circuit Court of Appeals caselaw requiring that a new sentence be imposed, the petition is granted; his conviction on Count 3 is vacated. He has served approximately 184 months (15 years, 4 months) in prison.

In December 2004, Petitioner was charged with, and ultimately pled guilty to, three counts: a drug conspiracy involving 5 kilograms or more of cocaine under 21 U.S.C. § 846 (Count 1), attempted Hobbs Act robbery under 18 U.S.C. § 1951(a) (Count 2), and aiding and abetting the use of a firearm during a crime of violence under 18 U.S.C. §§ 924(c) and 2 (Count 3).[1] Based on the law applicable at the time,

---

[1] As to the drug conspiracy count, he was originally charged with both 5 kilograms or more of cocaine and 50 grams or more of crack, but he only pled guilty to the cocaine

1

the PSR classified him as a career offender. PSR ¶ 72.

After Petitioner's original sentencing, the Government filed a motion pursuant to Rule 35(b) asking the Court to reduce Petitioner's sentence based on the substantial assistance he provided to the Government in the investigation and prosecution of numerous other drug dealers, including testifying at trial. ECF No. 436. After a hearing, the Court granted the Government's motion and resentenced him to 230 months (19 years, 2 months) imprisonment, consisting of 175 months on Count 1 and 160 months on Count 2, and 55 months consecutive on Count 3. ECF No. 446.

On April 2, 2021, the Fourth Circuit authorized Petitioner to file this new § 2255 habeas petition. ECF No. 513. In the petition, he seeks resentencing, arguing that his conviction on Count 3—the § 924(c) count—should be vacated because attempted Hobbs Act robbery is no longer a valid § 924(c) predicate conviction in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). ECF No. 515 at 4. The Government responded in support as follows:

> [T]he Government agrees with the Petitioner's argument that his conviction on Count Three was based on a predicate crime of Hobbs Act attempted robbery, which no longer qualifies as a crime of violence pursuant to *Davis* and the Fourth Circuit Court of Appeal's decision in *United States v. Taylor*, 979 F.3d 203 (4th Cir. 2020). For these reasons, Petitioner's § 924(c) conviction should be vacated, and he should be resentenced.

---

portion of the charge. *See* Plea Tr. 16:3–17:8.

As to the § 924(c) count, he was originally charged with use of a firearm during both a drug trafficking crime and a crime of violence (the attempted robbery), but he only pled guilty to the attempted robbery portion of the charge. *See* Plea Tr. 29:19–24.

2

> . . .
>
> > In *Davis*, the Supreme Court held that the definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(B)—the residual clause—is unconstitutionally vague. The Supreme Court's decision in *Davis* is a new substantive rule and, as such, applies retroactively to cases on collateral review. *See In re Hammoud*, 931 F.3d 1032, 1039 (11th Cir. 2019) (per curiam).
> >
> > Post-*Davis*, for a "crime of violence" to sustain a § 924(c) conviction, it must qualify as a "crime of violence" under the elements/force clause of 18 U.S.C. § 924(c)(3)(A). In *United States v. Taylor*, the Fourth Circuit Court of Appeals held that an attempted Hobbs Act robbery is not a "crime of violence" under 18 U.S.C. § 924(c)(3)(A). 979 F.3d 203 (4th Cir. 2020) (cert. petition pending). In the present case, [Holmes'] guilty plea for Count Three was based on a predicate crime of attempted Hobbs Act robbery pursuant to 18 U.S.C. § 1951. (ECF 35). Based on *Davis* and *Taylor*, attempted Hobbs Act robbery is no longer a "crime of violence". As such, Holmes' § 924(c) conviction should be vacated, and he should be resentenced.
>
> ECF No. 524 at 1–3. The Government also noted that Petitioner has been in custody since February 2006 and is currently scheduled for release in September 2022. *Id.* at 3 n.1. For that reason and based on *Davis* and *Taylor*, the Government states that it "would not object to the Court vacating [his] conviction on Count Three and reducing his sentences on Counts One and Two to time-served." *Id.*

In light of these recent decisions from the Supreme Court and Fourth Circuit, the Court concludes that it is required to resentence Petitioner. As noted above, the underlying crime of violence for his § 924(c) conviction was the attempted Hobbs Act robbery in Count 2. But the Fourth Circuit has now concluded that "[b]ecause the elements of attempted Hobbs Act robbery do not invariably require the use, attempted use, or threatened use of physical force, the offense does not qualify as a crime of violence under § 924(c)." *Taylor*, 979 F.3d at 205. Likewise, the Supreme

3

Court has concluded that § 924(c)'s residual clause—the only other possible way to rely on the attempted robbery to support his § 924(c) conviction—is unconstitutionally vague. *Davis*, 139 S. Ct. at 2336. In light of these binding, retroactively-applicable opinions from the Supreme Court and Fourth Circuit, the Court concludes that his and the Government's position that his § 924(c) conviction in Count 3 must be vacated, is mandated by the cases cited.

For these reasons, Petitioner's conviction on Count 3 is **VACATED**. Because he has already served more than the 175-month sentence on Count 1 and the 160-month sentence on Count 2, the Court will resentence him on those counts to time served.[2] An amended judgment will follow.

---

[2] Again, Petitioner has served approximately 184 months of the 230-month sentence imposed by the undersigned. The reduction is based solely on changes in law that now apply to his case, which is conceded by the Government. Additionally, the Federal Bureau of Prisons has indicated that, absent the new caselaw, Petitioner would be released from custody on September 4, 2022, after serving about 199 months, in light of good behavior time credit.

The Court concludes that it is appropriate to resentence Petitioner on Counts 1 and 2 to time served, rather than leaving the current 175-month and 160-month sentences in place. If the Court were to leave those sentences in place, then the time that he has served in excess of those sentences could be used as credit against any future revocation sentence. The need to protect the public and need for deterrence counsel against such an approach. *See* 18 U.S.C. §§ 3553(a)(2)(B)–(C) (requiring a district court to consider these two factors when imposing a sentence). Pursuant to *United States v. Ketter*, 908 F.3d 61 (4th Cir. 2018), to the extent that sentences of time served constitute an upward variance, having carefully considered the record in this case and the § 3553(a) factors, the Court concludes that such a variance is warranted. *See also United States v. Jackson*, 952 F.3d 492, 502 (4th Cir. 2020) ("[W]e conclude that the district court did not abuse its discretion in reducing Jackson's sentence to time served and ordering his immediate release but denying his request to bank time for credit against future supervised release violations.").

4

**IT IS SO ORDERED**.

                                                    *s/ Terry L. Wooten*
                                                    Terry L. Wooten
                                                    Senior United States District Judge

June 21, 2021
Columbia, South Carolina